IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel SUSAN SITTNIEWSKI,<br><br>      Plaintiff,<br><br>  v.<br><br>CI FILING SYSTEMS LLC,<br>IFS FILING SYSTEMS LLC,<br>PERMCLIP PRODUCTS CORPORATION,<br><br>      Defendants. | FILED UNDER SEAL AS REQUIRED BY 31 U.S.C. § 3730<br><br>CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff-Relator, Susan Sittniewski ("Plaintiff"), through her attorneys, brings this false claims complaint against Defendants CI Filing Systems LLC, IFS Filing Systems LLC and Permclip Products Corporation.

## NATURE OF THE CASE

1. Plaintiff's case arises from Defendants' violation of the False Claims Act, 31 U.S.C. §3729 et seq.

2. Qui Tam Relator, Susan Sittniewski, brings this action on her own behalf and on behalf of the United States of America to recover damages and penalties under the False Claims Act against Defendants.

3. Defendants produced and supplied inferior clip pads and perpetrated a well-orchestrated fraud that led to false and/or fraudulent claims for payment being made upon and being paid by the United States government.

1

## JURISDICTION AND VENUE

4. This Court maintains jurisdiction under 28 U.S.C. §§ 1331, 1345 and 31 U.S.C. § 3732.

5. Venue is proper in the Western District of New York under 28 U.S.C. §§ 1391(b) and (c) and 31 U.S.C. § 3732 because the Defendants conduct business in this district and committed fraudulent acts in this district and possibly other districts.

6. This action is filed *in camera* and under seal pursuant to the requirements of 31 U.S.C §§ 3729 and 3730(b), and is to remain under seal for a period of at least sixty (60) days and shall not be served on the Defendants until the Court so orders. The government may elect to intervene and proceed with the action within sixty (60) days after it receives both the Complaint and the material evidence and information.

## PARTIES

7. Defendant CI Filing Systems LLC is a wholly-owned subsidiary of Permclip Products Corporation. It is a New York corporation and its principal office address is 1130 Military Road, Buffalo, New York 14217.

8. Defendant IFS Filing Systems LLC is a wholly-owned subsidiary of Permclip Products Corporation. It is a New York corporation and its principal office address is 1130 Military Road, Buffalo, New York 14217.

9. Defendant Permclip Products Corporation is a manufacturing company that makes and sells file folder fasteners and filing accessories. It is a New York corporation and its principal address is 1130 Military Road, Buffalo, NY 14217.

10. Thomas Corey is the Chief Executive Officer of Permclip Products Corporation.

11. Plaintiff-Relator Susan Sittniewski is a citizen and resident of the State of New York.

12. Plaintiff-Relator was hired by Defendants on or about December 19, 2016 as a Human

Resource Manager.

13. As required under the Act, the Plaintiff-Relator has furnished to the Attorney General of the United States and to the United States Attorney for the Western District of New York simultaneous with or prior to the filing of this Complaint, a statement containing all material evidence and information related to the Complaint.  This disclosure statement is supports the existence of overcharges and false claims by the Defendants.

## BACKGROUND

14. At all times relevant to this action, Defendants perpetuated a fraud against the United States by devising and implementing a scheme in violation of the False Claims Act, 31 U.S.C. §§ 3729 et seq.

15. Plaintiff has knowledge of the improper practices described below.

16. Relator is an original source individual, with direct and independent knowledge of the information set forth herein, and she has voluntarily provided the information to the government pursuant to 31 U.S.C. §3730(4)(B).

## DEFENDANTS' ACTS

17. In or about 2016, the United States government entered into contracts with Defendants for the purchase of 2.2 million folders.  This project, known as the Alien Project, related to GPO Print Order 60006.   Defendant was paid approximately $400,000 by the government for the folders.

18. Over the course of five years, Defendants were to produce a total of one million folders to meet the government's specifications, including a center fastener 1/2" from the top edge and 4- 5/8" from the fold.  Also, every folder was to have a label with round corners to display the corresponding barcode on the back half of the label.

3

19. The first 250,000 folders were made according to the specifications in the contract. The remainder of the folders were not produced to the government's specifications.

20. The company did not adhere labels to the folders according to the specifications. Instead, they printed the barcode right onto the folders without using a label.

21. In an email from Debbie Andrekopoulos of IFS Filing Systems LLC to Trey Roth of Permclip Products Corporation on June 7, 2017, Ms. Andrekopoulos states that she was instructed to move the clip from ½" to ¾" from the center of metal.

22. During 2017, Plaintiff-Relator became aware that Defendants produced 750,000 inferior folders that were not up to the government's specifications. Defendants purposely made these folders without double binding on the tab. Defendant made these folders at a lesser cost to make a larger profit.

23. Plaintiff-Relator questioned Mr. Michael Hoag, Chief Technology Officer, about the folders and Mr. Hoag told Plaintiff-Relator that the government "would never notice" the difference in the folders because there were so many of them.

24. There was a second contract between Defendants and the United States government. Again, Defendants failed to produce the folders as required by the federal government's specifications.

25. Again, the placement of the clip on this folder was $1/8^{th}$ of an inch different than what it was supposed to be. Nonetheless, Defendants produced the folders.

Retaliation

26. Plaintiff-Relator complained to Mr. Corey during 2017 regarding the inferior folders.

27. Mr. Corey questioned Plaintiff-Relator on where she obtained her information and told her that she needed to mind her own business.

28. Plaintiff-Relator was subjected to retaliation in connection with her complaint. She was terminated on July 26, 2017.

29. Mr. Corey pretextually told Plaintiff-Relator that he was not pleased with her performance and that she was not right for the position.

## COUNT I

## FALSE CLAIMS ACT VIOLATION - 31 U.S.C. § 3729(a)(1) & (2)

30. Paragraphs 1 through 29 above are incorporated herein by reference.

31. Defendants knowingly caused to be presented false or fraudulent claims against the federal government.

32. At all relevant times, Defendants knew that the folders were not the same specification as contracted.

33. Based upon the statutory civil penalty of five thousand dollars ($5,000.00) to ten thousand dollars ($10,000.00) for each false claim submitted, and the treble damages applied to the amount of the overpayments, Plaintiff-Relator estimates the total amount to be recovered from Defendants is in excess of one million dollars.

34. The United States government has made and will make payment upon false and fraudulent claims and thereby suffer damages. The United States government is entitled to full recovery of the amount paid pursuant to the submission of false claim which Defendants caused to be submitted.

35. Plaintiff-Relator believes and avers that she is an original source of the facts and information on which this action is based.

## COUNT II

## RETALIATION IN VIOLATION OF THE FALSE CLAIMS ACT - 31 U.S.C. § 3729(a)(1) & (2)

36. Paragraphs 1 through 35 above are incorporated herein by reference.

37. Defendants subjected Plaintiff-Relator to retaliation for having engaged in protected action.

38. As a direct result of Defendants' acts set forth herein against Plaintiff-Relator, Plaintiff-Relator has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

39. Defendants' conduct was outrageous, was done in a deliberate and malicious manner intended to injure Plaintiff-Relator and was done in conscious disregard to Plaintiff-Relator's rights. Therefore, Plaintiff-Relator is entitled to an award of punitive damages.

40. **WHEREFORE,** Plaintiff-Relator, on behalf of herself and the United States government, requests the following relief:

    (a) Judgment against the Defendants in the amount of three (3) times the amount of damages the United States of America has sustained.

    (b) A civil penalty of not less than $5,000.00 and not more than $10,000.00 for each action in violation of 31 U.S.C. 3729 and the appropriate fines and penalties for violating the protective federal laws applicable to the fraudulent and false conduct and the cost of this action with interest.

    (c) That the Plaintiff-Relator be awarded all costs incurred, including reasonable attorney's fees.

(d) In the event that the United States proceeds with this action, Plaintiff-Relator be awarded the maximum amount allowed for Qui Tam Relators under 31 U.S.C.§ 3730 (d) and/or other applicable provision of law.

(e) Defendant be enjoined and restrained from harassing or discriminating against Plaintiff-Relator.

(f) Such other relief as this Court deems just and appropriate.

DATED: Cheektowaga, New York
September 14, 2018

Respectfully submitted,

s/Harvey P. Sanders
Harvey P. Sanders, Esq.
Sanders & Sanders
*Attorneys for Plaintiff*
401 Maryvale Drive
Cheektowaga, NY 14225
(716) 839-1489